UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| IRA B. HARRIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:15CV140 SNLJ |
| GARY KEMPER, | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $60.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### **The Complaint**

Plaintiff is confined at the Southeast Correctional Center ("SECC"). He brings this action against Gary Kemper,[1] Ian Wallace (Warden, SECC), and Corizon Medical Services, Inc.

---

[1] Plaintiff may have mistakenly named Gary Kemper instead of Dwayne Kemper. Gary Kemper was the Director of the Missouri Department of Corrections until 2005. Dwayne Kemper is currently the Deputy Division Director of the Division of Adult Institutions, and Dwayne Kemper denied several of plaintiff's grievance appeals.

Plaintiff alleges that he has severe psychological disorders and that he has not been treated effectively. Specifically, plaintiff claims to have schizophrenia, schizoaffective disorder, and developmental disabilities. He says he has been denied medications prescribed by his psychiatrists. And he says he has suffered mental and physical harm as a result. For example, he claims that he attempted suicide.

Plaintiff alleges that defendants Gary Kemper and Ian Wallace were directly involved in his medical care because they denied his grievances. Plaintiff has not alleged anything specific about Corizon.

**Discussion**

The complaint is defective for several reasons. First, it does not comply with Rules 8 or 10 of the Federal Rules of civil procedure. Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief . . ." And Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's factual allegations are fairly simple: he has been denied adequate psychiatric care, which has resulted in mental and physical suffering. However, the complaint contains twenty-nine pages of repetitive and rambling allegations. Additionally, the complaint does not contain numbered paragraphs, each limited to a single set of circumstances.

The complaint also fails to state a claim upon which relief can be granted. "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted); *see Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is

insufficient to establish the personal involvement required to support liability."). Plaintiff has not named as defendants the psychiatrists or other medical personnel who have directly involved in and responsible for his treatment.

Additionally, the complaint fails to state a claim because he has not sued defendants in their individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*

Finally, in order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). The complaint does not contain any such allegations, and so it does not state a claim against Corizon.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff has thirty days from the date of this Order to do so. The complaint must contain a **short and plain** statement of each of plaintiff's factual allegations, and it must be organized in numbered paragraphs, each limited to a single set of circumstances. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint**

**will be considered abandoned**. *Id.* **In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $60.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint, in compliance with this Order, no later than thirty (30) days from the date of this Order.

Dated this 6th day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE