UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IRA B. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV140 SNLJ |
| | ) | |
| GARY KEMPKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Plaintiff alleges that defendants have been deliberately indifferent to his serious medical needs. After review of the amended complaint and the exhibits, the Court finds that several of the defendants should be served with process.

### Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## The Complaint

For the purpose of reviewing the case, the Court accepts the following facts as true:

Plaintiff is a prisoner at the Southeast Correctional Center ("SECC"). He suffers from Schizoaffective Disorder, Schizophrenia, and Bipolar Disorder. Before he was processed into SECC, he took Geodon and clonazepam, and the combination of the drugs made him mentally stable. After he entered SECC, defendants Dr. Nakra and Linda Little took him of the medications. Defendant Dr. Gavin prescribed Geodon and clonazepam, but they were not approved. As a result, plaintiff had severe mental breakdown. He suffered from psychosis, hallucinations and delusions. He bit into his wrist because he believed it had been implanted with a transponder by which prison officials were recording his behavior. He also attempted suicide. Defendant Heather Reese was the Mental Health Chief, and she also denied plaintiff effective treatment.

Defendants put plaintiff on a different drug that had detrimental side effects. It caused him to become delusional and paranoid as well as causing him pain.

Defendant nurses Lisa Unknown, Ryan Unknown, and Heather Conrad also failed to give him the medications he requested. However, plaintiff does not say how they could have given him medicines that he did not have a prescription for.

Plaintiff had a colonoscopy that injured him. Defendant doctors McKinley, Hill, and Eppolito refused to treat his injuries.

The remaining allegations in the complaint are either vague or conclusory. For example, plaintiff says that a policy or custom of Corizon caused his injuries, but he does not allege any specifics about the alleged policy or custom.

## Discussion

Giving the complaint the benefit of a liberal construction, the Court finds that it adequately states a claim for relief against defendants Dr. Unknown Nakra, Linda Little, Dr. Unknown McKinley, Heather Reese, Dr. Unknown Eppolito, and Dr. Unknown Hill for deliberate indifference under the Eighth Amendment, which requires a showing that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Therefore, the Court will direct the Clerk to issue process on these defendants.

As to the remaining defendants, plaintiff has failed to allege their direct involvement in the alleged constitutional violations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, the other defendants will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Dr. Unknown Nakra, Linda Little, Dr. Unknown McKinley, Heather Reese, Dr. Unknown Eppolito, and Dr. Unknown Hill, all of whom should be served in accordance with the Court's agreement with Corizon.

**IT IS FURTHER ORDERED** that defendants Gary Kempker, Ian Wallace, Corizon, George Lombardi, Troy Steele, Dr. Unkown Gavin, Brandi Puden, Norma Helbring, Robin

Allen, Suzy Unknown, Heather Conrad, Lisa Unknown, Ryan Unknown, Megan Unknown, Unknown Null, and Unknown Thurston are **DISMISSED** without prejudice.

Dated this 25th day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE