# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

IRA B. HARRIS,                )
                                        )
               Plaintiff,            )
                                          )
              v.                    )        No. 1:15CV140 SNLJ
                                          )
GARY KEMPKER, et al.,        )
                                          )
              Defendants,     )

## MEMORANDUM AND ORDER

Before the Court are plaintiff's motion to appoint Guardian ad Litem, motions for appointment of counsel, motion for evidence of tampered grievances, and motion to file supplemental materials.

1.     *Guardian ad Litem*

Plaintiff states, "due to current issues with medications, the forever changing circumstances related to medications, depressed mental state and the likely circumstances of restriction to a suicide or strip cell[, he] lacks the mental condition to receive and evaluate information and communicate decisions to such an extent that he lacks the capacity to manage this litigation."

Under Rule 17(c)(2) of the Federal Rules of Civil Procedure, the Court is required to appoint a Guardian ad Litem "to protect a minor or incompetent person who is unrepresented in an action." The question is whether plaintiff has made a threshold showing of incompetence.

Unlike a determination of competency, a district court's decision whether to appoint a guardian ad litem is purely procedural and is wholly uninformed by state law. *See Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135-36 (3d Cir. 2002). Under Rule 17(c), a district court

must appoint a guardian ad litem if it receives "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003).

Plaintiff alleges that he was "adjudicated to the Department of Mental Health . . . on [October 21, 2002]." He further alleges that the order is still in effect. *Id.* He has not, however, attached any documentation supporting this claim. Plaintiff is currently incarcerated at Missouri's Southeast Correctional Center ("SECC").

Over the course of this litigation, plaintiff has filed a complaint and an amended complaint, as well as several motions. In each of plaintiff's filings, he has presented clear and coherent allegations and requests for relief. Plaintiff has attached one exhibit relevant to his mental health, an Individual Treatment Plan filed by his therapist on July 31, 2015. The Plan notes that his diagnoses are "history of unstability [sic]" and "issues with sleep." The Plan requires plaintiff to take his medications as prescribed, report any medication problems to the appropriate psychological staff, and work cooperatively with mental health staff. The Plan does not indicate that he is or has recently been incompetent.

The Court finds that plaintiff's lack of serious allegations pertaining to incompetence, his litigation history, and his recent Individual Treatment Plan do not raise a serious question as to whether he is competent to represent himself in this matter. The motion is denied.

2.      *Appointment of Counsel*

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has

presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The motions are denied.

3. *Evidence of Tampered Grievances*

Plaintiff requests the Court to take notice of the fact that officials at SECC have not followed the grievance procedures. The issue of exhaustion is not before the Court, and the Court finds no reason to investigate plaintiff's grievances at this time. The motion is denied.

4. *Supplemental Materials*

Plaintiff seeks to supplement his pleadings with additional informal resolution requests and responses from prison officials. The motion is granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of Guardian ad Litem [ECF No. 8 and 33] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF Nos. 4, 13, 21, 32] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for evidence of tampered grievances [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement [ECF No. 31] is

**GRANTED**.

Dated this  2nd  day of November, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE